UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN T. WASHINGTON, | Case No. 2:17-CV-229 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is defendant Eugene Libby's motion to dismiss. (ECF No. 7). *Pro se* plaintiff John Washington did not respond, and the period to do so has since passed.

This is a medical malpractice action arising from plaintiff's shoulder surgery on February 28, 2008. (ECF No. 1).

Section 41A.071 of the Nevada Revised Statutes provides that "[i]f an action for professional negligence is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit"—specifically, an affidavit that:

> 1. Supports the allegations contained in the action;
> 2. Is submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence;
> 3. Identifies by name, or describes by conduct, each provider of health care who is alleged to be negligent; and
> 4. Sets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms.

Nev. Rev. Stat. § 41A.071.[1] "[A] medical malpractice complaint filed without a supporting medical expert affidavit is void ab initio, meaning it is of no force and effect." *Washoe Med. Ctr.*

---

[1] The "affidavit" can take the form of either a "sworn affidavit or an unsworn declaration made under penalty of perjury." *Buckwalter v. Eighth Judicial Dist. Court*, 234 P.3d 920, 922 (Nev. 2010).

**James C. Mahan**
**U.S. District Judge**

*v. Second Judicial Dist. Court of State of Nev. ex rel. Cty. of Washoe*, 148 P.3d 790, 794 (Nev. 2006) ("A complaint that does not comply with NRS 41A.071 is void and must be dismissed.").

The instant action is subject to NRS 41A.071's affidavit requirement because it is an action for professional negligence.[2] In particular, plaintiffs have alleged two medical malpractice claims and were therefore obligated to submit an affidavit when they filed suit. *See Swails v. United States*, 406 Fed. App'x 124 (9th Cir. 2010).

Further, pursuant to Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Thus, by failing to file a timely response, plaintiff has consented to the granting of defendant's motion to dismiss. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 5) be, and the same hereby is, DENIED as moot.

. . .

. . .

. . .

---

[2] "Professional negligence" means "the failure of a provider of health care, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances by similarly trained and experienced providers of health care." Nev. Rev. Stat. § 41A.015. Section 41A.017 of the NRS defines "provider of health care" as follows:

> [A] physician licensed pursuant to chapter 630 or 633 of NRS, physician assistant, dentist, licensed nurse, dispensing optician, optometrist, registered physical therapist, podiatric physician, licensed psychologist, chiropractor, doctor of Oriental medicine, medical laboratory director or technician, licensed dietitian or a licensed hospital, clinic, surgery center, physicians' professional corporation or group practice that employs any such person and its employees.

Nev. Rev. Stat. § 41A.017.

1    IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same
2 hereby is, DISMISSED WITHOUT PREJUDICE.

3    The clerk is instructed to close the case.

4    DATED April 18, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**