UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN T. WASHINGTON,

Plaintiff(s),

v.

UNITED STATES OF AMERICA, et al.,

Defendant(s).

Case No. 2:17-CV-229 JCM (VCF)

ORDER

Presently before the court is *pro se* plaintiff John T. Washington's motion to reconsider, or in the alternative, to modify order. (ECF No. 13). Defendants Eugene P. Libby, D.O. ("Dr. Libby") and Eugene P. Libby, D.O., a professional corporation (collectively, as "defendants") filed a non-opposition response. (ECF No. 15).

**I.     Background**

This is a medical malpractice action arising from plaintiff's shoulder surgery, which Dr. Libby, a doctor for the Veteran Administration ("VA"), performed on February 28, 2008. (ECF No. 1).

On March 31, 2008, during a follow-up visit, Dr. Libby noted that plaintiff developed a postoperative wound infection, which Dr. Libby treated with antibiotics. (ECF No. 1 at 5). A subsequent follow-up on April 7, 2008, indicated that the infection was resolving. (ECF No. 1 at 5). On April 15, 2008, Dr. Libby performed a second surgery to remove the sutures in plaintiff's shoulder from the first surgery, which had failed, and to repeat the cuff tear repair. (ECF No. 1 at 5).

Plaintiff alleges that he began to notice increasing pain in his left shoulder rotator cuff in December 2014 and consulted Dr. Mark Erickson, another doctor for VA, who told plaintiff that

he had a methicillin-resistant Staphylococcus aureus ("MSRA") infection. (ECF No. 5–6). On January 27, 2015, Dr. Erickson surgically removed an abscess containing a piece of suture. (ECF No. 1 at 6).

Plaintiff further alleges that Dr. Libby used recalled suture materials containing MSRA in plaintiff's surgery and that the allegedly defective suture materials caused an abscess cyst and infection. (ECF No. 1 at 9).

On January 27, 2017, plaintiff filed the underlying complaint against defendants United States of America, Dr. Libby, and Eugene P. Libby, D.O., a professional corporation, alleging two claims for relief: (1) medical malpractice; and (2) *res ipsa loquitur* medical negligence. (ECF No. 1).

On April 3, 2017, defendants filed a motion to dismiss the complaint as time-barred by the statute of limitations and for failure to attach a medical affidavit. (ECF No. 7).

On April 18, 2017, the court granted defendants' motion to dismiss (ECF No. 7) and dismissed plaintiff's complaint (ECF No. 1) on two grounds: (1) failure to comply with NRS 41A.071's affidavit requirement; and (2) failure to timely respond so as to constitute consent. (ECF No. 9).

In the instant motion, plaintiff moves for reconsideration of the court's April 18th order. (ECF No. 13).

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

## III. Discussion

In the instant motion, plaintiff moves for reconsideration of the court's April 18th order for two reasons: (1) his response (ECF No. 11) to defendants' motion to dismiss (ECF No. 7) was timely filed; and (2) NRS 41A.071's affidavit requirement did not apply pursuant to *Szydel v. Markman*, 117 P.3d 200 (Nev. 2005). (ECF No. 13).

Upon reviewing the record, the court finds that plaintiff's response (ECF No. 11) to defendants' motion to dismiss (ECF No. 7) was timely. Therefore, the court grants plaintiff's motion (ECF No. 13), in part, as to the timeliness issue. As to the issue regarding NRS 41A.071's affidavit requirement, however, the court denies plaintiff's motion (ECF No. 13) because dismissal of plaintiff's complaint without prejudice on that ground was appropriate.

Plaintiff's complaint alleged two medical malpractice claims under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). Claims under the FTCA are governed by the substantive law of the state in which the claim arose. 28 U.S.C. § 1346(b)(1). Here, plaintiff's claim arose in Nevada; therefore, Nevada law applied.

Section 41A.071 of the Nevada Revised Statutes provides that "[i]f an action for professional negligence is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit"—specifically, an affidavit that:

1. Supports the allegations contained in the action;

2. Is submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence;

3. Identifies by name, or describes by conduct, each provider of health care who is alleged to be negligent; and

**James C. Mahan**
**U.S. District Judge**

- 3 -

> 4. Sets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms.

Nev. Rev. Stat. § 41A.071.[1] "[A] medical malpractice complaint filed without a supporting medical expert affidavit is void ab initio, meaning it is of no force and effect." *Washoe Med. Ctr. v. Second Judicial Dist. Court of State of Nev. ex rel. Cty. of Washoe*, 148 P.3d 790, 794 (Nev. 2006) ("A complaint that does not comply with NRS 41A.071 is void and must be dismissed.").

The instant action is subject to NRS 41A.071's affidavit requirement because it is an action for professional negligence.[2] In particular, plaintiff has alleged two medical malpractice claims and was therefore obligated to submit an affidavit when he filed suit. *See Swails v. United States*, 406 F. App'x 124 (9th Cir. 2010). Plaintiff failed to submit the requisite medical affidavit upon filing the instant action, rendering dismissal without prejudice appropriate.

Citing to *Szydel*, plaintiff argues that no medical affidavit is needed for medical malpractice claims based solely on the *res ipsa loquitur* doctrine. (ECF Nos. 11 at 6; 13 at 4). Plaintiff's medical malpractice claims, however, were not based solely thereon. In particular, plaintiff's complaint alleged two medical malpractice claims, only one of which (specifically, claim 2) was based on the doctrine of *res ipsa loquitur*. (ECF No. 1).

---

[1] The "affidavit" can take the form of either a "sworn affidavit or an unsworn declaration made under penalty of perjury." *Buckwalter v. Eighth Judicial Dist. Court*, 234 P.3d 920, 922 (Nev. 2010).

[2] "Professional negligence" means "the failure of a provider of health care, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances by similarly trained and experienced providers of health care." Nev. Rev. Stat. § 41A.015. Section 41A.017 of the NRS defines "provider of health care" as follows:

> [A] physician licensed pursuant to chapter 630 or 633 of NRS, physician assistant, dentist, licensed nurse, dispensing optician, optometrist, registered physical therapist, podiatric physician, licensed psychologist, chiropractor, doctor of Oriental medicine, medical laboratory director or technician, licensed dietitian or a licensed hospital, clinic, surgery center, physicians' professional corporation or group practice that employs any such person and its employees.

Nev. Rev. Stat. § 41A.017.

Indeed, the general rule is that "the expert affidavit requirement in NRS 41A.071 does not apply to a res ipsa loquitur case under NRS 41A.100(1)." *Szydel*, 117 P.3d at 205.

> When, however, a plaintiff files a res ipsa loquitur claim in conjunction with other medical malpractice claims that do not rely on the res ipsa loquitur doctrine, those other claims are subject to the requirements of NRS 41A.071 and must be supported by an appropriate affidavit from a medical expert. In addition, any res ipsa claim filed without an expert affidavit must, when challenged by the defendant in a pretrial or trial motion, meet the prima facie requirements for a res ipsa loquitur case. Consequently, the plaintiff must present facts and evidence that show the existence of one or more of the situations enumerated in NRS 41A.100(1)(a)–(e).

*Id.* (footnote omitted).

Plaintiff's *res ipsa loquitur* medical malpractice claim (claim 2) failed to meet the *prima facie* requirements for a *res ipsa loquitur* case. Specifically, the complaint failed to set forth sufficient facts to support a reasonable inference that any of the enumerated situations in NRS 41A.100(1)(a)–(e) were applicable. In particular, NRS 41A.100 provides as follows:

> 1. Liability for personal injury or death is not imposed upon any provider of health care based on alleged negligence in the performance of that care unless evidence consisting of expert medical testimony, material from recognized medical texts or treatises or the regulations of the licensed medical facility wherein the alleged negligence occurred is presented to demonstrate the alleged deviation from the accepted standard of care in the specific circumstances of the case and to prove causation of the alleged personal injury or death, except that such evidence is not required and a rebuttable presumption that the personal injury or death was caused by negligence arises where evidence is presented that the provider of health care caused the personal injury or death occurred in any one or more of the following circumstances:
>
> (a) A foreign substance other than medication or a prosthetic device was unintentionally left within the body of a patient following surgery;
>
> (b) An explosion or fire originating in a substance used in treatment occurred in the course of treatment;
>
> (c) An unintended burn caused by heat, radiation or chemicals was suffered in the course of medical care;
>
> (d) An injury was suffered during the course of treatment to a part of the body not directly involved in the treatment or proximate thereto; or
>
> (e) A surgical procedure was performed on the wrong patient or the wrong organ, limb or part of a patient's body.

Nev. Rev. Stat. § 41A.017(1).

Plaintiff's complaint did not allege that Dr. Libby caused plaintiff's injuries by unintentionally leaving a foreign substance (*i.e.*, the suture) in his body following surgery. Rather,

plaintiff alleged that Dr. Libby caused plaintiff's injuries by using allegedly defective suture materials containing MRSA and failing to remove the sutures upon knowing that they would become infected. (*See* ECF No. 1 at 9–10). Therefore, plaintiff's complaint has not sufficiently stated a *prima facie* claim for medical malpractice based on *res ipsa loquitur* within the situations enumerated in NRS 41A.100.

Accordingly, both of plaintiff's medical malpractice claims were subject to NRS 41A.071's affidavit requirement and both claims were properly dismissed without prejudice based on plaintiff's failure to submit the requisite affidavit.

Notwithstanding the foregoing, dismissal of plaintiff's claims is also appropriate as they are otherwise time-barred by the statute of limitations under both NRS 41A.097 and 28 U.S.C. § 2401.[3]

. . .

. . .

. . .

. . .

. . .

---

[3] Pursuant to NRS 41A.097, "an action for injury or death against a provider of health care may not be commenced more than 3 years after the date of injury or 1 year after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs first." Nev. Rev. Stat. § 41A.097(2). Title 28 U.S.C. § 2401 provides as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Plaintiff alleged that he discovered the injury on or about January 27, 2015, when Dr. Erickson surgically removed an abscess containing a piece of suture. (ECF No. 1 at 6). Plaintiff failed to filed the complaint within a year after January 27, 2015, and did not file until 2017. Further, plaintiff's complaint failed to allege or set forth any facts to support a reasonable inference that plaintiff timely presented the instant tort claims in writing to the proper Federal agency.

**James C. Mahan**
**U.S. District Judge**

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration, or in the alternative, to modify order (ECF No. 13) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED June 15, 2017.

                                          /s/ James C. Mahan
                                          UNITED STATES DISTRICT JUDGE